1  Devin A. McRae, State Bar Number 223239
   *dmcrae@earlysullivan.com*
2  Peter Scott, State Bar Number 247786
   *pscott@earlysullivan.com*
3  Brett G. Moore, State Bar Number 311637
   *bmoore@earlysullivan.com*
4  EARLY SULLIVAN WRIGHT
     GIZER & McRAE LLP
5  6420 Wilshire Boulevard, 17th Floor
   Los Angeles, California 90048
6  Telephone: (323) 301-4660
   Facsimile: (323) 301-4676

Attorneys for AMANDA MONTELL
and THE WORD FACTORY, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA MONTELL, an individual, and THE WORD FACTORY, LLC, a California limited liability company, individually and derivatively on behalf of SOUNDS LIKE A CULT, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>ISABELA MEDINA-MATÉ, an individual, ISA JOKE INC., a California corporation, and DOES 1 through 20, inclusive,<br><br>Defendants.<br><br>-and-<br><br>SOUNDS LIKE A CULT, LLC, a California limited liability company,<br><br>Nominal Defendant. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **DECLARATORY RELIEF**<br>2. **WIND UP DECREEE PURSUANT TO CORPORATIONS CODE § 17707.04**<br>3. **BREACH OF FIDUCIARY DUTY**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiffs Amanda Montell ("Montell") and The Word Factory, LLC (collectively, "Plaintiffs") bring this action against Defendant Isabela Medina-Maté ("Medina-Maté") and Isa Joke Inc. (collectively, "Defendants"), and nominal defendant Sounds like a Cult, LLC ("SLAC, LLC"), and, in support thereof, allege as follows:

## NATURE OF THE ACTION

1. Montell is a highly successful, critically-acclaimed nonfiction writer (whose works have been praised by the *New York Times*, *The Washington Post*, *The Atlantic* and *NPR*) and podcast creator. Her life work explores how we seek belonging and meaning in our society and how those drives can be exploited in unexpected ways. Montell created the *Sounds Like A Cult* podcast to bring her ideas and thoughts on the exploitative nature of cult-like practices to a wider audience. The podcast was not meant to be a "how to" on manipulation and abuse. Yet the co-host she brought on, Medina-Maté, has trapped Montell in a noxious partnership not unlike the groups that are covered in *Sounds Like A Cult* critiques – an irony not lost on Montell.

2. Medina-Maté's malfeasance and unprofessional conduct towards Montell, *Sounds Like A Cult's* staff, and the podcast's most crucial support – its listeners – has crossed a line. Sadly, a project that Montell created to be both entertaining and meaningful, critical yet empathetic, has been warped by Medina-Maté such that the podcast now causes Montell significant dismay. Despite Montell's best efforts to address the problems Medina-Maté created, Medina-Maté's conduct was unrelenting, forcing Montell to the conclusion that she had no other choice but to leave. While Medina-Maté agrees the limited liability company the parties formed to exploit the podcast should be dissolved, she has made it impossible to move forward by, among other things, inexcusable delay and asserting ownership of property that was never hers. Per Montell's tagline on the podcast, she herself needs to "get the [expletive] out."

3. This lawsuit arises out of a limited liability company, Sounds like a Cult, LLC, formed by members Montell, through her limited liability company The Word Factory, LLC, and Medina-Maté, through her limited liability company Isa Joke, Inc. SLAC, LLC produces a serialized episodic podcast hosted by Montell and Medina-Maté entitled *Sounds Like A Cult*, which is based on the intellectual property *created, developed and owned exclusively by Montell*.

4. Throughout the course of SLAC, LLC's history, Medina-Maté and her company, Isa Joke, Inc., have failed to fulfill their obligations to the company, have willfully neglected their job responsibilities, have created a toxic work environment for the company's staff, and have tarnished the company's and its members' reputation by alienating its listeners, rendering SLAC, LLC unable to continue its corporate function and regular business operations. Medina-Maté and Isa Joke, Inc.'s conduct has caused an irreparable breakdown in the ability to manage the company's affairs or conduct further business of the company without a grave danger that the value of the company's property or business will be impaired – not to mention Montell's professional reputation by virtue of any continued association with Medina-Maté. Medina-Maté's erratic and unexplained conduct has been an embarrassment to both the podcast and to Montell.

5. While Medina-Maté and Isa Joke, Inc. have agreed to end their business relationship with Ms. Montell and The Word Factory, LLC and to dissolve SLAC, LLC, the parties cannot reach agreement on the winding up of the entity and the ownership and distribution of the intellectual property assets underlying the podcast and/or the property owned and/or developed under the umbrella of SLAC, LLC. The dissolution of SLAC, LLC is thus left in a deadlock with no way of resolution absent court involvement. This action is necessary to resolve this corporate impasse, wind up the affairs of the company, correctly attribute and distribute any intellectual property pertaining to the podcast and allow Plaintiffs to

move on from their unfortunate relationship with Medina-Maté.[1]

## PARTIES

6. Plaintiff Montell is a reporter, critically acclaimed author of the nonfiction book *Cultish: The Language of Fanaticism* ("Cultish"), and creator of the hit podcast, *Sounds Like A Cult*, which is based on Ms. Montell's *Cultish* book. She is, and at all relevant times has been, a resident of Los Angeles, California.

7. Plaintiff The Word Factory, LLC is a California limited liability company with its principal place of business in Los Angeles, California. Its sole member is Amanda Montell.

8. Defendant Medina-Maté is, and at all relevant times was, a resident of Los Angeles, California.

9. Defendant Isa Joke, Inc. is a California corporation with its principal place of business in Los Angeles, California. Upon information and belief, its sole shareholder is Isabela Medina-Maté.

10. Nominal Defendant SLAC, LLC is a California limited liability company with its principal place of business in Los Angeles, California. The current members of SLAC, LLC are The Word Factory, LLC and Isa Joke, Inc., which each respectively own equal fifty percent (50%) membership interests in the entity.

11. Plaintiffs are ignorant of the true names and capacities of Defendants named herein as Does 1 through 20, inclusive. Plaintiffs are informed and believe, and thereon allege that Does 1 through 20 are liable, in whole or in part, for the claims asserted in this Demand against the Defendants. When Plaintiffs learn the true identities and capacities of Does 1 through 20, Plaintiffs will seek leave to

---

[1] Although this action involves supplemental state law claims pertaining to the winding up of SLAC, LLC and Defendants' breaches of fiduciary duty, the gravamen of the action is the copyright related issues pertaining to the distribution and attribution of the intellectual property rights pertaining to the podcast.

amend this Demand to allege the true names and capacities of Does 1 through 20.

12. Plaintiffs are informed and believe, and thereon allege, that at all relevant times, each Defendant was the principal, agent, or employee of each other defendant, and acted within the scope of that relationship.

## JURISDICTION AND VENUE

13. This action arises under the copyright laws of the United States, 17 U.S.C. §§ 101, et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

14. Venue lies in this District under 28 U.S.C. §§ 1391(b) and (c). Defendant Medina-Maté is a resident of this District. Defendant Isa Joke, Inc. is deemed a resident of this District as it maintains its principal place of business in Los Angeles County, State of California, and thus is subject to personal jurisdiction in this District. Further, a substantial part of the acts or omissions giving rise to the claims alleged occurred in Los Angeles, California.

## FACTUAL ALLEGATIONS

### A. Creation of the Sounds Like A Cult Podcast

15. In April 2020, Montell had a conversation with her content strategist to talk about her career and forthcoming books (including *Cultist*), and he recommended that Montell start a podcast to discuss the topic. Montell began to brainstorm as to the content of what her cult-related podcast might involve, including the content, format, and title. Ultimately, Ms. Montell came up with the concept for the content, format, and title for the episodic podcast *Sounds Like a Cult*.

16. Montell also developed the tagline, category names for the podcast episodes, introduction music, logo, social media accounts, and website copy, as well as the overall format and theme of the podcast.

17. In 2020, *after* Montell had already created the name, theme, and conducted the foundational research for *Sounds Like A Cult* podcast, she decided to

invite a new acquaintance of hers, Medina-Maté, to join her as a co-host on the already-created podcast. Medina-Maté accepted Montell's proposal. Montell then created the logo, tagline, cult category names, interview questions, games, theme music, and all other assets intrinsic to the brand.

18. The first season of the *Sounds Like A Cult* podcast was recorded under Montell's editorial control. On top of co-hosting the podcast, Montell did the vast majority of the research for the podcast episodes (with several of them, including the pilot, MLMs, and Celebrity Megachurches episodes, based directly on her book research), outlined the topics for discussion, created all guest interview questions and games, edited each episode, wrote the show note descriptions, and managed the Instagram account. Medina-Maté's responsibilities included administrative and physical production tasks like managing microphones and uploading files. As Medina-Maté had no background in the podcast's subject matter and no professional writing experience, her only creative contributions were co-hosting and adding limited sound effects to the recordings, but with no other substantial editorial or original contribution other than her performance as a co-host. But even these small responsibilities were difficult for Medina-Maté – she had poor work ethic, was consistently tardy, failed to complete tasks, and had inappropriate editorial instincts which Montell had to edit heavily in order to maintain the integrity of the show. On a few occasions, Medina-Maté promised to edit an episode herself, but failed to do so. Creatively and otherwise, Montell was the podcast's backbone, ensuring that every episode was of high editorial quality and completed on time.

19. After 10 episodes of the podcast were recorded, Medina-Maté quit because, as she explained, the podcast was not her priority. Montell began looking for a new co-host.



### B. Sounds Like A Cult's Rise and Fall

20. After Medina-Maté left the show, Amanda continued recording episodes alone. The *Sounds Like A Cult* podcast began gaining significant traction such that the show could begin monetization. Ultimately, Medina-Maté requested to come back to the show and Montell consented.

21. In 2021, after Medina-Maté came back to the show, Medina-Maté was convinced that spinning the show further in a "comedy" direction would be more beneficial to her individual career. Montell was skeptical about *Sounds Like A Cult* partnering with All Things Comedy, but consented (after strong-arming by Medina-Maté).

22. In late 2022, Montell, through her limited liability company The Word Factory, LLC, and Medina-Maté, through her limited liability company Isa Joke, Inc., formed SLAC, LLC with each member having a fifty percent (50%) interest in the company and to share equally in the net revenues generated from performances of the podcast.

23. Throughout 2021 and into 2022, Medina-Maté became more aggressive about the comedy aspect of the show. At the same time, she showed up late to recordings, cancelled recordings at the last minute, failed to submit notes in a timely manner, and dismissed Montell's journalistic expertise and knowledge on cults and generally failed to perform at her assigned tasks at a level required for the continued performance of the podcast and the corporation. The show deteriorated in quality and the *Sounds Like A Cult*'s podcast reviews turned more negative as Medina-Maté imposed her comedic elements into the show.

24. In January of 2023, SLAC, LLC hired an editor to help produce the podcasts. Notwithstanding that his sole role was *editor*, Medina-Maté constantly criticized him for not completing work that was not his responsibility as an *editor*. Medina-Maté herself arrived late to recordings, was unprepared for the podcast, failed to upload audio/video files timely, consistently disrupted the flow of

recordings, and was abrasive in her communications with the editor. In April of 2023, only a few months after being hired, the editor contacted Montell privately about Medina-Maté's behavior, which was creating a toxic environment and inhibiting him from doing his job. When Montell gently tried to broach these issues with Medina-Maté, she responded with hostility. The editor tried to address the concerns with Medina-Maté as well, but she remained unreceptive, and her behavior did not change. Medina-Maté also alienated listeners in response to valid and polite criticism of Medina-Maté's performance on the show.

25. This turned into a scandal which significantly affected *Sounds Like A Cult's* reputation. Montell released a statement in an effort to do "damage control," but Medina-Maté's conduct had already irreparably damaged the podcast's reputation and alienated its fanbase. Medina-Maté's erratic, unprofessional and unpredictable conduct has made it impossible to continue to carry on the basic functions of SLAC, LLC and to continue to produce the podcast jointly through SLAC, LLC. Medina-Maté and Isa Joke, Inc. have agreed with Plaintiffs to the dissolution of SLAC, LLC, but have not agreed to the proper procedures for winding up the entity and the distribution of the intellectual property underlying the podcast (which is entirely owned by Montell) or the distribution and/or liquidation of the entity's assets. The company is left deadlocked, requiring the Court's intervention as set forth below.

26. To the extent required, Plaintiffs bring this action derivatively on behalf of and for the benefit of SLAC, LLC to redress injuries suffered, and to be suffered, by SLAC, LLC as a direct result of Medina-Maté and Isa Joke, Inc.'s wrongful conduct. SLAC, LLC is named as a nominal defendant solely in a derivative capacity.

27. The Word Factory, LLC was a member and owner of SLAC, LLC at the time of the wrongs complained of herein, and has continuously remained as a member and an owner of the company since. On information and belief, SLAC,

LLC remains in good standing with the California Secretary of State, and has not been dissolved or wound up.

28. The Word Factory, LLC has not made a demand on SLAC, LLC to institute this action because such a demand would have been a futile, wasteful, and useless act. SLAC, LLC cannot institute a lawsuit in its own capacity unless all members unanimously consent to such action. Here, Isa Joke, Inc. serves as one of the two members of SLAC, LLC.

29. Demand is excused because Medina-Maté and Isa Joke, Inc.'s conduct is not a valid exercise of business judgment. Medina-Maté and Isa Joke, Inc. engaged in wrongful conduct and caused SLAC, LLC to lose money and suffer damage to its corporate reputation. There is no legitimate "business judgment" involved in such activity.

30. Demand is also excused because one of the company's two members faces a substantial likelihood of liability and is not disinterested or independent. It is inconceivable that Medina-Maté and Isa Joke, Inc. would authorize legal action against themselves as set forth herein. Accordingly, such a demand would be futile.

## FIRST CLAIM FOR RELIEF

**(Declaratory Relief as to Ownership of Intellectual Property [Copyright and Trademark] Against All Defendants)**

31. Plaintiffs incorporate and reallege the preceding paragraphs as if fully set forth herein.

32. An actual controversy has arisen and now exists between Montell, Medina-Maté, and Isa Joke, Inc. regarding the allocation and ownership of intellectual property upon dissolution of SLAC, LLC.

33. Although the parties have agreed that SLAC, LLC should be dissolved, a dispute has arisen as to Montell's ownership of the intellectual property used on and associated with the *Sounds Like A Cult* podcast.

34. Montell contends, among other things, that she is entitled to a determination that the following intellectual property is, and always has been, created by and owned by her:

    a.    The unregistered trademark "Sounds Like A Cult," which was created by Montell prior to formation of SLAC, LLC;

    b.    The copyright to any intellectual property generated in connection with the *Sounds Like A Cult* podcast (save for item c, below), including without limitation designs, copyrightable works, ideas, concepts, images, text, inventions, titles (including without limitation the podcast title "Sounds Like A Cult"), logos, trademarks, trade dress, themes, taglines, cult categories, games, theme music, website copy and other creations, and any related works-in-progress improvements or modifications to the foregoing, and all other intellectual property rights relating to or concerning the "Sounds Like A Cult" podcast, all of which were created by independently and exclusively by Montell prior to formation of SLAC, LLC;

    c.    A fifty percent (50%) ownership interest in the copyright to each episodic performance of the *Sounds Like A Cult* podcast, with Medina-Maté retaining the other fifty percent (50%) ownership.

35. Put another way, Montell seeks a judicial declaration that the only intellectual property belonging to Medina-Maté upon dissolution of SLAC, LLC is her fifty percent (50%) ownership of the copyright to all *Sounds Like A Cult* podcast episodes in which she was a co-host and that Medina-Maté's co-ownership of copyrights with respect to the podcast episode performances does not entitle her to use or exploit any of the underlying trademarks or copyrightable elements upon which those performances are based and Medina-Maté has no rights or authority to create any new works and/or derivative works utilizing any of the intellectual

property associated with the *Sounds Like A Cult* podcast, all of which is owned by Montell. Upon information and belief, Medina-Maté disputes these allegations.

36. A judicial declaration is necessary and appropriate at this time under the circumstances so that Montell, Medina-Maté and Isa Joke, Inc. may ascertain their respective rights and obligations and so that SLAC, LLC may be properly and efficiently wound down and dissolved and in order to avoid a multiplicity of actions and disputes going forward.

## SECOND CLAIM FOR RELIEF

### (Wind Up Decree Pursuant to Cal. Corp. Code § 17707.04 as to All Defendants)

37. Plaintiffs incorporate and reallege the preceding paragraphs as if fully set forth herein.

38. Pursuant to the Operating Agreement of SLAC, LLC, all members of the company have agreed and consented to the dissolution of the entity. Thus, pursuant to California Corporations Code section 17707.01, SLAC, LLC "shall be wound up."

39. The members of SLAC, LLC are deadlocked with respect to the winding up process for the entity, including without limitation the timing of the dissolution and winding up and the distribution of assets and liabilities. Accordingly, pursuant to California Corporations Code section 17707.04(b), Plaintiffs hereby request that the Court enter a decree ordering the winding up of SLAC, LLC. Plaintiffs additionally request that member The Word Factory, LLC be appointed as the member responsible to wind up the affairs of SLAC, LLC.

40. Plaintiffs pray that the Court order that the assets of SLAC, LLC be distributed to the members according to California Corporations Code section 17707.05 and as requested in this action.

## THIRD CLAIM FOR RELIEF

## (Breach of Fiduciary Duty as to Isa Joke, Inc.)

41. Plaintiffs incorporate and reallege the preceding paragraphs as if fully set forth herein.

42. As a member of SLAC, LLC, Isa Joke, Inc. undertook to act on behalf of and for the benefit of the company.

43. Isa Joke, Inc. owed fiduciary duties to the company and to Montell and The Word Factory, LLC, including duties of the utmost loyalty, care, disclosure, and fair dealing in connection with his actions pertaining to the company.

44. By the conduct alleged herein, Isa Joke, Inc. repeatedly breached their fiduciary duties to SLAC, LLC and to Montell and The Word Factory, LLC and has effectively destroyed the *Sounds Like A Cult* podcast and caused a substantial loss of value to the company and its future income stream.

45. As a direct and proximate result of Isa Joke, Inc.'s breaches of fiduciary duty, SLAC, LLC and Montell and The Word Factory, LLC have suffered, and will continue to suffer, damages in an amount to be proven at trial, but in any event, no less than $500,000.

46. Isa Joke, Inc.'s acts were undertaken intentionally and in conscious disregard of the SLAC, LLC and Montell and The Word Factory, LLC rights. In addition, Isa Joke, Inc. acts were malicious, oppressive, and/or fraudulent. Therefore, the Court should award punitive and exemplary damages sufficient to punish Isa Joke, Inc. and to deter similar conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A. For compensatory damages in an amount to be proven at trial but in any event no less than $500,000;

B. For punitive and exemplary damages;

C. For an order winding up the affairs of SLAC, LLC;

D. For a declaration that Montell has, and continues to, own the intellectual property assets as set forth above upon dissolution and winding up of SLAC, LLC;

E. For injunctive relief;

F. For attorneys' fees and costs; and

G. For such other and further relief as the Court may deem just and proper.

Dated: July 17, 2023  EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP

By:_____
Devin A. McRae
Peter D. Scott
Brett G. Moore
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury for all issues so triable.

Dated: July 17, 2023  EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP

By:_____
Devin A. McRae
Peter D. Scott
Brett G. Moore
Attorneys for Plaintiffs

